

**null / ALL**
**Transmittal Number: 22898635**
**Date Processed: 03/15/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Quinessa Malcolm<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Electronic copy provided to:** | Adriane Towns<br>Cathy Copeland |

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number  2483807 |
| **Entity Served:** | Home Depot U.S.A., Inc. |
| **Title of Action:** | Reynosa Jr., Salvador vs. Home Depot U.S.A., Inc. |
| **Matter Name/ID:** | Reynosa Jr., Salvador vs. Home Depot U.S.A., Inc. (11044206) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | CVRI 2100213 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/12/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Norman B. Blumenthal<br>858-551-1223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT U.S.A., INC., a Corporation; and Does 1 through 50,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SALVADOR REYNOSA, JR., NATALIE HEREDIA and ALBERTO MUNIZ,
individuals, on behalf of themselves and on behalf of all persons similarly situated.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 26 2021

J. SIRACUSA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE Riverside Historic Courthouse 4050 Main Street, Riverside, CA 92501 | **CASE NUMBER:** *(Número del Caso):* CVRI 2100213 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal   (Bar # 68687)          Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP    Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

| DATE: *(Fecha)* JAN 26 2021 | Clerk, by *(Secretario)* J. Siracusa | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HOME DEPOT U.S.A., INC., A CALIFORNIA CORPORATION

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3/12/21

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | *Page 1 of 1* Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov *LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

1  BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2     Norman B. Blumenthal (State Bar #068687)
      Kyle R. Nordrehaug (State Bar #205975)
3     Aparajit Bhowmik (State Bar #248066)
      Nicholas J. De Blouw (State Bar #280922)
4  2255 Calle Clara
   La Jolla, CA 92037
5  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
6  Website: www.bamlawca.com

7  Attorneys for Plaintiffs

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      IN AND FOR THE COUNTY OF RIVERSIDE

10  SALVADOR REYNOSA, JR., NATALIE        Case No. CVRI 2100213
    HEREDIA and ALBERTO MUNIZ,
11  individuals, on behalf of themselves and    CLASS ACTION COMPLAINT FOR:
    on behalf of all persons similarly situated,
12                                               1. UNFAIR COMPETITION IN VIOLATION
                    Plaintiffs,                  OF CAL. BUS. & PROF. CODE §§ 17200, *et*
13                                               *seq.*;
    vs.                                          2. FAILURE TO PAY OVERTIME WAGES IN
14                                               VIOLATION OF CAL. LAB. CODE §§ 510, *et*
    HOME DEPOT U.S.A., INC., a                   *seq.*;
15  Corporation; and Does 1 through 50,          3. FAILURE TO PAY MINIMUM WAGES IN
    Inclusive,                                   VIOLATION OF CAL. LAB. CODE §§ 1194,
16                                               1197 & 1197.1;
                    Defendants.                  4. FAILURE TO PROVIDE REQUIRED MEAL
17                                               PERIODS IN VIOLATION OF CAL. LAB.
                                                 CODE §§ 226.7 & 512 AND THE APPLICABLE
18                                               IWC WAGE ORDER;
                                                 5. FAILURE TO PROVIDE REQUIRED REST
19                                               PERIODS IN VIOLATION OF CAL. LAB.
                                                 CODE §§ 226.7 & 512 AND THE APPLICABLE
20                                               IWC WAGE ORDER;
                                                 6. FAILURE TO REIMBURSE EMPLOYEES
21                                               FOR REQUIRED EXPENSES IN VIOLATION
                                                 OF CAL. LAB. CODE § 2802; and,
22                                               7. FAILURE TO PROVIDE WAGES WHEN
                                                 DUE IN VIOLATION OF CAL. LAB. CODE §§
23                                               201, 202 AND 203.

24                                               DEMAND FOR A JURY TRIAL
25
26
27
28
                                        1
                               CLASS ACTION COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 26 2021
L. SIRACUSA

Plaintiffs Salvador Reynosa, Jr., Natalie Heredia and Alberto Muniz ("PLAINTIFFS"), individuals, on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant Home Depot U.S.A., Inc. ("DEFENDANT") is a Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.     DEFENDANT is a home improvement retailer in the United States supplying tools, construction products and services.

3.     Plaintiff Reynosa  was employed by DEFENDANT in California from January of 2018 to October of 2018 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.     Plaintiff Heredia was employed by DEFENDANT in California from May of 2017 to August of 2017 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

5.     Plaintiff Muniz  was employed by DEFENDANT in California from August of 2015 to May of 2017 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

6.     PLAINTIFFS bring this Class Action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by DEFENDANT in a California Distribution Center and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this

2

1   Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS
2   PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS
3   Members is under five million dollars ($5,000,000.00).

4       7.    PLAINTIFFS bring this Class Action on behalf of themselves and a
5   CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses
6   incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and
7   practice which failed to lawfully compensate these employees for all their overtime worked.
8   DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive
9   business practice whereby DEFENDANT retained and continues to retain wages due
10  PLAINTIFFS and the other members of the CALIFORNIA CLASS. PLAINTIFFS and the
11  other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
12  DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the
13  CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and
14  current unlawful conduct, and all other appropriate legal and equitable relief.

15      8.    The true names and capacities, whether individual, corporate, subsidiary,
16  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
17  unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious names
18  pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint
19  to allege the true names and capacities of Does 1 through 50, inclusive, when they are
20  ascertained. PLAINTIFFS are informed and believe, and based upon that information and
21  belief allege, that the Defendants named in this Complaint, including DOES 1 through 50,
22  inclusive, are responsible in some manner for one or more of the events and happenings that
23  proximately caused the injuries and damages hereinafter alleged.

24      9.    The agents, servants and/or employees of the Defendants and each of them acting
25  on behalf of the Defendants acted within the course and scope of his, her or its authority as the
26  agent, servant and/or employee of the Defendants, and personally participated in the conduct
27  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

28

1    Consequently, the acts of each Defendant are legally attributable to the other Defendants and

2    all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the

3    CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

4    Defendants' agents, servants and/or employees.

5

6                                    **THE CONDUCT**

7           10.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately

8    record and pay PLAINTIFFS and other CALIFORNIA CLASS Members for the actual amount

9    of time these employees work. Pursuant to the Industrial Welfare Commission Wage Orders,

10   DEFENDANT is required to pay PLAINTIFFS and other CALIFORNIA CLASS Members for

11   all time worked, meaning the time during which an employee was subject to the control of an

12   employer, including all the time the employee was permitted or suffered to permit this work.

13   DEFENDANT required PLAINTIFFS and CALIFORNIA CLASS Members to work off the

14   clock without paying them for all the time they were under DEFENDANT's control. As a result

15   of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members

16   were from time to time not fully relieved of duty by DEFENDANT for their meal periods and

17   would clock out of DEFENDANT's timekeeping system but continue to work at

18   DEFENDANT's direction during what should have been their off-duty meal period. As a result,

19   PLAINTIFFS and other CALIFORNIA CLASS Members forfeited minimum wages and

20   overtime wage compensation by working without their time being correctly recorded and

21   without compensation at the applicable rates. Further, during the CALIFORNIA CLASS

22   PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members from time to time were not

23   paid wages for all time worked, including overtime wages, such that in the aggregate employees

24   were underpaid wages as a result of DEFENDANT's pattern and practice of unevenly rounding

25   time worked by its employees. DEFENDANT's policy and practice not to pay PLAINTIFFS

26   and other CALIFORNIA CLASS Members for all time worked, is evidenced by

27   DEFENDANT's business records.

28

                                          4

1      11.    DEFENDANT also required PLAINTIFFS and CALIFORNIA CLASS Members
2  to work off the clock without paying them for all the time they were under DEFENDANT's
3  control.    PLAINTIFFS and CALIFORNIA CLASS Members would clock out of
4  DEFENDANT's timekeeping system, in order to perform additional work for DEFENDANT
5  as required to meet DEFENDANT's job requirements.  Specifically, during the CALIFORNIA
6  CLASS PERIOD, DEFENDANT engaged in the practice of requiring PLAINTIFFS and
7  CALIFORNIA CLASS Members to perform work off the clock after clocking out in that
8  DEFENDANT, as a condition of employment, required these employees to wait for and submit
9  to loss prevention inspections after clocking out for meal breaks and at the end of each
10  scheduled shift for which DEFENDANT did not provide compensation for time spent waiting
11  for and submitting to DEFENDANT's loss prevention inspections off the clock.  As a result,
12  PLAINTIFFS and other CALIFORNIA CLASS Members forfeited minimum wage, overtime
13  wage compensation, and meal break wages, by working without their time being correctly
14  recorded and without compensation at the applicable rates.  Further, during the CALIFORNIA
15  CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members from time to time
16  were not paid wages for all time worked, including overtime wages, such that in the aggregate
17  employees were underpaid wages as a result of DEFENDANT's pattern and practice of
18  unevenly rounding time worked by its employees. DEFENDANT's policy and practice not to
19  pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked, is evidenced
20  by DEFENDANT's business records.

21      12.    State law provides that employees must be paid overtime at one-and-one-half
22  times their "regular rate of pay."  PLAINTIFFS and other CALIFORNIA CLASS Members
23  were compensated at an hourly rate plus incentive pay that was tied to specific elements of an
24  employee's performance.

25      13.    The second component of PLAINTIFFS' and other CALIFORNIA CLASS
26  Members' compensation was DEFENDANT's non-discretionary incentive program that paid
27  PLAINTIFFS and other CALIFORNIA CLASS Members incentive wages based on their
28

5

1   performance for DEFENDANT. The non-discretionary incentive program provided all
2   employees paid on an hourly basis with incentive compensation when the employees met the
3   various performance goals set by DEFENDANT. However, when calculating the regular rate
4   of pay in order to pay overtime to PLAINTIFFS and other CALIFORNIA CLASS Members,
5   DEFENDANT failed to include the incentive compensation as part of the employees' "regular
6   rate of pay" for purposes of calculating overtime pay. Management and supervisors described
7   the incentive program to potential and new employees as part of the compensation package. As
8   a matter of law, the incentive compensation received by PLAINTIFFS and other CALIFORNIA
9   CLASS Members must be included in the "regular rate of pay." The failure to do so has
10  resulted in an underpayment of overtime compensation to PLAINTIFFS and other
11  CALIFORNIA CLASS Members by DEFENDANT. Further, DEFENDANT underpaid sick pay
12  wages to PLAINTIFFS and other CALIFORNIA CLASS Members by failing to pay such wages
13  at the regular rate of pay. Specifically, PLAINTIFFS and other non-exempt employees
14  regularly earn non-discretionary remuneration, including but not limited to, incentives, shift
15  differential pay, and bonuses. Rather than pay sick pay at the regular rate of pay, DEFENDANT
16  underpaid sick pay to PLAINTIFFS and other CALIFORNIA CLASS Members at their base
17  rates of pay.

18      14.    In violation of the applicable sections of the California Labor Code and the
19  requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT
20  intentionally and knowingly failed to compensate PLAINTIFFS and the other members of the
21  CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This policy and
22  practice of DEFENDANT was intended to purposefully avoid the payment of the correct
23  overtime compensation as required by California law which allowed DEFENDANT to illegally
24  profit and gain an unfair advantage over competitors who complied with the law. To the extent
25  equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT,
26  the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

27      15.    As a result of their rigorous work schedules, PLAINTIFFS and other

28

6
CLASS ACTION COMPLAINT

1  CALIFORNIA CLASS Members were also from time to time unable to take off duty meal
2  breaks and were not fully relieved of duty for meal periods.  PLAINTIFFS and other
3  CALIFORNIA CLASS Members were from time to time required to perform work as ordered
4  by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal
5  break.  Further, DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS
6  Members with a second off-duty meal period from time to time in which these employees are
7  required by DEFENDANT to work ten (10) hours of work from time to time. PLAINTIFFS and
8  the other CALIFORNIA CLASS Members therefore forfeit meal breaks without additional
9  compensation and in accordance with DEFENDANT's corporate policy and practice.

10       16.    During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other
11  CALIFORNIA CLASS Members were also from time to time required to work in excess of four
12  (4) hours without being provided ten (10) minute rest periods.  Further, these employees are
13  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two
14  (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts
15  worked of between six (6) and eight (8) hours, and a first, second and third rest period of at
16  least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.
17  PLAINTIFFS and other CALIFORNIA CLASS Members are also not provided with one hour
18  wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other
19  CALIFORNIA CLASS Members are periodically denied their proper rest periods by
20  DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage
21  Order requires employers to provide employees with off-duty rest periods, which the California
22  Supreme Court defined as time during which an employee is relieved from all work related
23  duties and free from employer control.  In so doing, the Court held that the requirement under
24  California law that employers authorize and permit all employees to take rest period means that
25  employers must relieve employees of all duties and relinquish control over how employees
26  spend their time which includes control over the locations where employees may take their rest
27  period. Employers cannot impose controls that prohibit an employee from taking a brief walk -
28

7

1  five minutes out, five minutes back.  Here, DEFENDANT's policy restricted PLAINTIFFS and
2  other CALIFORNIA CLASS Members from unconstrained walks and required these employees
3  to remain on DEFENDANT's premises under DEFENDANT's control during what should have
4  been their paid, off duty rest periods.

5       17.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify
6  PLAINTIFFS and the other CALIFORNIA CLASS Members for required business expenses
7  incurred by PLAINTIFFS and other CALIFORNIA CLASS Members in direct consequence
8  of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section
9  2802, employers are required to indemnify employees for all expenses incurred in the course
10 and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall
11 indemnify his or her employee for all necessary expenditures or losses incurred by the employee
12 in direct consequence of the discharge of his or her duties, or of his or her obedience to the
13 directions of the employer, even though unlawful, unless the employee, at the time of obeying
14 the directions, believed them to be unlawful."

15      18.    In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS
16 Members as a business expense, were required by DEFENDANT to use their own personal
17 cellular phones as a result of and in furtherance of their job duties as employees for
18 DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost
19 associated with the use of their personal cellular phones for DEFENDANT's benefit.
20 Specifically, PLAINTIFFS and other CALIFORNIA CLASS Members were required by
21 DEFENDANT to use their personal cellular phones to for work related issues.  As a result, in
22 the course of their employment with DEFENDANT, PLAINTIFFS and other members of the
23 CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not
24 limited to, costs related to the use of their personal cellular phones all on behalf of and for the
25 benefit of DEFENDANT.

26      19.    Specifically as to PLAINTIFFS' pay, DEFENDANT provided compensation to
27 them in the form of two components.  One component of PLAINTIFFS' compensation was a
28

1  base hourly wage.   The second component of PLAINTIFFS' compensation was non-
2  discretionary incentive wages as described above.  DEFENDANT paid the incentive wages, so
3  long as PLAINTIFFS met certain predefined performance requirements.  PLAINTIFFS met
4  DEFENDANT's predefined eligibility performance requirements in various pay periods
5  throughout their employment with DEFENDANT and DEFENDANT paid PLAINTIFFS the
6  incentive wages.   During these pay periods in which PLAINTIFFS were paid the non-
7  discretionary incentive wages by DEFENDANT, PLAINTIFFS also worked overtime for
8  DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFFS'
9  regular rate of pay for the purposes of calculating what should have been PLAINTIFFS'
10  accurate overtime rate and thereby underpaid PLAINTIFFS for overtime worked throughout
11  their employment with DEFENDANT.  The incentive compensation paid by DEFENDANT
12  constituted wages within the meaning of the California Labor Code and thereby should have
13  been part of PLAINTIFFS' "regular rate of pay."  PLAINTIFFS were also from time to time
14  unable to take off duty meal and rest breaks and were not fully relieved of duty for their meal
15  periods.  PLAINTIFFS were required to perform work as ordered by DEFENDANT for more
16  than five (5) hours during a shift without receiving an off-duty meal break and/or PLAINTIFFS
17  were also from time to time interrupted and performed work for DEFENDANT during what
18  should have been PLAINTIFFS' off duty meal and rest periods. Further, DEFENDANT failed
19  to provide PLAINTIFFS with a second off-duty meal period from time to time in which they
20  were required by DEFENDANT to work ten (10) hours of work.  PLAINTIFFS therefore
21  forfeited meal and rest breaks without additional compensation and in accordance with
22  DEFENDANT's corporate policy and practice.   To date, DEFENDANT has not fully paid
23  PLAINTIFFS the wages still owed to them or any waiting time penalties owed to them under
24  Cal. Lab. Code § 203. The amount in controversy for PLAINTIFFS individually does not
25  exceed the sum or value of $75,000.
26  ///
27  ///
28

9

**JURISDICTION AND VENUE**

20.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

21.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

**THE CALIFORNIA CLASS**

22.     PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in a California Distribution Center and classified as non-exempt Warehouse Associate employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

23.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays",  and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one

10

CLASS ACTION COMPLAINT

workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

24.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate and record minimum wage, and overtime compensation for all time worked by PLAINTIFFS and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.

25.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the compensation that PLAINTIFFS and members of the CALIFORNIA CLASS were awarded by DEFENDANT.  DEFENDANT, however, failed to have in place during the CALIFORNIA CLASS PERIOD and still failed to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member was paid the applicable overtime rate for all overtime worked, so as to satisfy their burden.  This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

26.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

CLASS ACTION COMPLAINT

1   any member of the CALIFORNIA CLASS properly recalculated so as to compensate the
2   employee for all overtime worked at the applicable rate, as required by California Labor Code
3   §§ 204 and 510, *et seq*.  At no time during the CALIFORNIA CLASS PERIOD was the
4   overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so
5   as to include all earnings in the overtime compensation calculation as required by California
6   Labor Code §§ 510, *et seq*.

7        27.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA
8   CLASS Members is impracticable.

9        28.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California
10  law by:

11                    (a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code
12                            §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in
13                            place company policies, practices and procedures that failed to pay all
14                            wages due the CALIFORNIA CLASS for all overtime worked, and failed
15                            to accurately record the applicable rates of all overtime worked by the
16                            CALIFORNIA CLASS;

17                    (b)     Committing an act of unfair competition in violation of the California
18                            Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
19                            unlawfully, unfairly, and/or deceptively having in place a company policy,
20                            practice and procedure that failed to correctly calculate overtime
21                            compensation due to PLAINTIFFS and the members of the
22                            CALIFORNIA CLASS;

23                    (c)     Committing an act of unfair competition in violation of the California
24                            Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
25                            failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and
26                            the CALIFORNIA CLASS members;

27                    (d)     Committing an act of unfair competition in violation of the California

28

12

Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and deceptively having in place company policies, practices and procedures that denied PLAINTIFFS and the members of the CALIFORNIA CLASS the correct minimum wages and otherwise violated applicable law; and,

(e)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

29.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)   The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA CLASS, are subjected to the employment practices of DEFENDANT and are non-exempt employees paid on an hourly basis who have been subjected to the DEFENDANT's practice and policy described herein. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and

1                 unfair misconduct engaged in by DEFENDANT; and,

2        (d)    The representative PLAINTIFFS will fairly and adequately represent and

3                 protect the interest of the CALIFORNIA CLASS, and have retained

4                 counsel who are competent and experienced in Class Action litigation.

5                 There are no material conflicts between the claims of the representative

6                 PLAINTIFFS and the members of the CALIFORNIA CLASS that would

7                 make class certification inappropriate.  Counsel for the CALIFORNIA

8                 CLASS will vigorously assert the claims of all CALIFORNIA CLASS

9                 Members.

10     30.     In addition to meeting the statutory prerequisites to a Class Action, this action

11  is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

12        (a)    Without class certification and determination of declaratory, injunctive,

13                 statutory and other legal questions within the class format, prosecution of

14                 separate actions by individual members of the CALIFORNIA CLASS will

15                 create the risk of:

16            1)     Inconsistent or varying adjudications with respect to individual

17                    members of the CALIFORNIA CLASS which would establish

18                    incompatible standards of conduct for the parties opposing the

19                    CALIFORNIA CLASS; and/or,

20            2)     Adjudication with respect to individual members of the

21                    CALIFORNIA CLASS which would as a practical matter be

22                    dispositive of interests of the other members not party to the

23                    adjudication or substantially impair or impede their ability to

24                    protect their interests.

25        (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

26                 act on grounds generally applicable to the CALIFORNIA CLASS, making

27                 appropriate class-wide relief with respect to the CALIFORNIA CLASS

28

14

CLASS ACTION COMPLAINT

1    as a whole in that DEFENDANT failed to pay all wages due. Including
2    the correct overtime rate, for all worked by the members of the
3    CALIFORNIA CLASS as required by law;

4         1)    With respect to the First Cause of Action, the final relief on behalf
5               of the CALIFORNIA CLASS sought does not relate exclusively to
6               restitution because through this claim PLAINTIFFS seek
7               declaratory relief holding that the DEFENDANT's policy and
8               practices constitute unfair competition, along with declaratory
9               relief, injunctive relief, and incidental equitable relief as may be
10              necessary to prevent and remedy the conduct declared to constitute
11              unfair competition;

12   (c)  Common questions of law and fact exist as to the members of the
13        CALIFORNIA CLASS, with respect to the practices and violations of
14        California law as listed above, and predominate over any question
15        affecting only individual CALIFORNIA CLASS Members, and a Class
16        Action is superior to other available methods for the fair and efficient
17        adjudication of the controversy, including consideration of:

18        1)   The interests of the members of the CALIFORNIA CLASS in
19             individually controlling the prosecution or defense of separate
20             actions in that the substantial expense of individual actions will be
21             avoided to recover the relatively small amount of economic losses
22             sustained by the individual CALIFORNIA CLASS Members when
23             compared to the substantial expense and burden of individual
24             prosecution of this litigation;

25        2)   Class certification will obviate the need for unduly duplicative
26             litigation that would create the risk of:

27             A.   Inconsistent or varying adjudications with respect to

28

15

CLASS ACTION COMPLAINT

individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

31.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA

16
CLASS ACTION COMPLAINT

CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

17

32.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been intentionally subjected to DEFENDANT's conduct as herein alleged.   PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

33.    Plaintiff Reynosa further brings the Second, Third, Fourth, Fifth, Sixth and Seventh and causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS employed by DEFENDANT in a California Distribution Center and classified as non-exempt Warehouse Associate employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB- CLASS Members is under five million dollars ($5,000,000.00).

34.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate minimum wage and overtime compensation for the all time worked by Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.   DEFENDANT   denied these CALIFORNIA LABOR SUB-CLASS Members wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

35.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's conduct as herein alleged.  Plaintiff Reynosa will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

36.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

37.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime wages and minimum wages to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether the members of the CALIFORNIA LABOR SUB-CLASS were entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)     Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)     Whether DEFENDANT failed to provide Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)     Whether DEFENDANT failed to provide Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)     Whether DEFENDANT engaged in unfair competition by the above-listed conduct;

19

CLASS ACTION COMPLAINT

1    (g)    The proper measure of damages and penalties owed to the members of the

2    CALIFORNIA LABOR SUB-CLASS; and,

3    (h)    Whether DEFENDANT's conduct was willful.

4    38.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

5 under California law by:

6    (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay

7 Plaintiff Reynosa and the members of the CALIFORNIA LABOR SUB-

8 CLASS the correct overtime pay for which DEFENDANT is liable

9 pursuant to Cal. Lab. Code § 1194 & § 1198;

10    (b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

11 accurately pay the Plaintiff Reynosa and the members of the

12 CALIFORNIA LABOR SUB-CLASS the correct minimum wage for

13 which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and

14 1197, and 1197.1;

15    (c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide Plaintiff

16 Reynosa and the other members of the CALIFORNIA LABOR SUB-

17 CLASS all legally required off-duty, uninterrupted thirty (30) minute meal

18 breaks and the legally required rest breaks;

19    (d)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

20 when an employee is discharged or quits from employment, the employer

21 must pay the employee all wages due without abatement, by failing to

22 tender full payment and/or restitution of wages owed or in the manner

23 required by California law to the members of the CALIFORNIA LABOR

24 SUB-CLASS who have terminated their employment; and,

25    (e)    Committing an act of unfair competition in violation of the California

26 Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

27 violating Cal. Lab. Code § 2802 by failing to reimburse Plaintiff Reynosa

28
20
CLASS ACTION COMPLAINT

1      and the CALIFORNIA LABOR SUB-CLASS members with necessary

2      expenses incurred in the discharge of their job duties.

3      39.    This Class Action meets the statutory prerequisites for the maintenance of a Class

4  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

5          (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

6                 so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

7                 Members is impracticable and the disposition of their claims as a class

8                 will benefit the parties and the Court;

9          (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

10                that are raised in this Complaint are common to the CALIFORNIA

11                LABOR SUB-CLASS and will apply to every member of the

12                CALIFORNIA LABOR SUB-CLASS;

13         (c)    The claims of the representative Plaintiff Reynosa are typical of the claims

14                of each member of the CALIFORNIA LABOR SUB-CLASS. Plaintiff

15                Reynosa, like all the other members of the CALIFORNIA LABOR SUB-

16                CLASS, is a non-exempt employee who has been subjected to the

17                DEFENDANT's practice and policy described herein. Plaintiff Reynosa

18                sustained economic injury as a result of DEFENDANT's employment

19                practices. Plaintiff Reynosa and the members of the CALIFORNIA

20                LABOR SUB-CLASS were and are similarly or identically harmed by the

21                same unlawful, deceptive, and unfair misconduct engaged in by

22                DEFENDANT; and,

23         (d)    The representative Plaintiff Reynosa will fairly and adequately represent

24                and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

25                has retained counsel who are competent and experienced in Class Action

26                litigation. There are no material conflicts between the claims of the

27                representative Plaintiff Reynosa and the members of the CALIFORNIA

28

21

CLASS ACTION COMPLAINT

1             LABOR SUB-CLASS that would make class certification inappropriate.

2             Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

3             assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

4     40.     In addition to meeting the statutory prerequisites to a Class Action, this action is

5 properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

6         (a)     Without class certification and determination of declaratory, injunctive,

7             statutory and other legal questions within the class format, prosecution of

8             separate actions by individual members of the CALIFORNIA LABOR

9             SUB-CLASS will create the risk of:

10             1)     Inconsistent or varying adjudications with respect to individual

11                 members of the CALIFORNIA LABOR SUB-CLASS which

12                 would establish incompatible standards of conduct for the parties

13                 opposing the CALIFORNIA LABOR SUB-CLASS; or,

14             2)     Adjudication with respect to individual members of the

15                 CALIFORNIA LABOR SUB-CLASS which would as a practical

16                 matter be dispositive of interests of the other members not party to

17                 the adjudication or substantially impair or impede their ability to

18                 protect their interests.

19         (b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

20             or refused to act on grounds generally applicable to the CALIFORNIA

21             LABOR SUB-CLASS, making appropriate class-wide relief with respect

22             to the CALIFORNIA LABOR SUB-CLASS as a whole in that

23             DEFENDANT failed to pay all wages due. Including the correct overtime

24             rate, for all overtime worked by the members of the CALIFORNIA

25             LABOR SUB-CLASS as required by law;

26         (c)     Common questions of law and fact predominate as to the members of the

27             CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

28

violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

  A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

  B.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job

1                                                      with DEFENDANT or with a subsequent employer, the Class

2                                                      Action is the only means to assert their claims through a

3                                                      representative; and,

4                       4)     A class action is superior to other available methods for the fair

5                                and efficient adjudication of this litigation because class treatment

6                                will obviate the need for unduly and unnecessary duplicative

7                                litigation that is likely to result in the absence of certification of

8                                this action pursuant to Cal. Code of Civ. Proc. § 382.

9        41.    This Court should permit this action to be maintained as a Class Action pursuant

10   to Cal. Code of Civ. Proc. § 382 because:

11                      (a)    The questions of law and fact common to the CALIFORNIA LABOR

12                               SUB-CLASS predominate over any question affecting only individual

13                               CALIFORNIA LABOR SUB-CLASS Members;

14                      (b)    A Class Action is superior to any other available method for the fair and

15                               efficient adjudication of the claims of the members of the CALIFORNIA

16                               LABOR SUB-CLASS because in the context of employment litigation a

17                               substantial number of individual CALIFORNIA LABOR SUB-CLASS

18                               Members will avoid asserting their rights individually out of fear of

19                               retaliation or adverse impact on their employment;

20                      (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

21                               numerous that it is impractical to bring all members of the CALIFORNIA

22                               LABOR SUB-CLASS before the Court;

23                      (d)    Plaintiff Reynosa, and the other CALIFORNIA LABOR SUB-CLASS

24                               Members, will not be able to obtain effective and economic legal redress

25                               unless the action is maintained as a Class Action;

26                      (e)    There is a community of interest in obtaining appropriate legal and

27                               equitable relief for the acts of unfair competition, statutory violations and

28

24

1   other improprieties, and in obtaining adequate compensation for the
2   damages and injuries which DEFENDANT's actions have inflicted upon
3   the CALIFORNIA LABOR SUB-CLASS;

4   (f)   There is a community of interest in ensuring that the combined assets of
5        DEFENDANT are sufficient to adequately compensate the members of
6        the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

7   (g)   DEFENDANT has acted or refused to act on grounds generally applicable
8        to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-
9        wide relief appropriate with respect to the CALIFORNIA LABOR SUB-
10       CLASS as a whole;

11  (h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily
12       ascertainable from the business records of DEFENDANT.   The
13       CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA
14       CLASS Members classified as non-exempt employees during the
15       CALIFORNIA LABOR SUB-CLASS PERIOD; and,

16  (i)   Class treatment provides manageable judicial treatment calculated to bring
17       a efficient and rapid conclusion to all litigation of all wage and hour
18       related claims arising out of the conduct of DEFENDANT as to the
19       members of the CALIFORNIA LABOR SUB-CLASS.

20

21              **FIRST CAUSE OF ACTION**

22            **For Unlawful Business Practices**

23        **[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

24  **(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

25       42.   PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and
26  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
27  Complaint.

28

---

25

CLASS ACTION COMPLAINT

43.   DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

44.   California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

45.   By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, and 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

46.   By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and are without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

47.   By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFFS, and other members of the CALIFORNIA CLASS, minimum wages and overtime wages due for all time

26

CLASS ACTION COMPLAINT

1 | worked, due to business practices that cannot be justified, pursuant to the applicable Cal. Lab.
2 | Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§
3 | 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant
4 | to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

5 |      48.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
6 | unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and
7 | the other members of the CALIFORNIA CLASS to be underpaid during their employment with
8 | DEFENDANT.

9 |      49.    By the conduct alleged herein, DEFENDANT's practices were also unfair and
10 | deceptive in that DEFENDANT's policies, practices and procedures failed to provide
11 | mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

12 |      50.    Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each
13 | CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty
14 | meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay
15 | for each workday in which a second off-duty meal period was not timely provided for each ten
16 | (10) hours of work.

17 |      51.    PLAINTIFFS demand on behalf of themselves and on behalf of each
18 | CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty
19 | paid rest period was not timely provided as required by law.

20 |      52.    By and through the unlawful and unfair business practices described herein,
21 | DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the
22 | other members of the CALIFORNIA CLASS and has deprived them of valuable rights and
23 | benefits guaranteed by law and contract, all to the detriment of these employees and to the
24 | benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors
25 | who comply with the law.

26 |      53.    All the acts described herein as violations of, among other things, the Industrial
27 | Welfare Commission Wage Orders, the California Code of Regulations, and the California

28 |

Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

54.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all overtime worked.

55.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

56.     PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 204, 510, 1194 and 1198]

### (By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

57.     Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

28

1   paragraphs of this Complaint.

2       58.     Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

3   CLASS bring a claim for DEFENDANT's willful and intentional violations of the California

4   Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure

5   to accurately calculate the applicable rates for all overtime worked by Plaintiff Reynosa and

6   other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to

7   properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime

8   worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40)

9   hours in any workweek.

10      59.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

11  public policy, an employer must timely pay its employees for all hours worked.

12      60.     Cal. Lab. Code § 510 further provides that employees in California shall not be

13  employed more than eight (8) hours per workday and/or more than forty (40) hours per

14  workweek unless they receive additional compensation beyond their regular wages in amounts

15  specified by law.

16      61.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

17  including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

18  Code § 1198 further states that the employment of an employee for longer hours than those

19  fixed by the Industrial Welfare Commission is unlawful.

20      62.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, Plaintiff Reynosa and

21  CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

22  DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

23  including overtime work. DEFENDANT maintained a wage practice of paying Plaintiff

24  Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS without regard

25  to the correct amount of overtime worked and correct applicable overtime rate for the amount

26  of overtime they worked.  As set forth herein, DEFENDANT's policy and practice was to

27  unlawfully and intentionally deny timely payment of wages due for the overtime worked by

28

1  Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS, and

2  DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for

3  all overtime worked.

4      63.    DEFENDANT's unlawful wage and hour practices manifested, without

5  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

6  implementing a policy and practice that denied accurate compensation to Plaintiff Reynosa and

7  the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked,

8  including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours

9  in any workweek.

10     64.    In committing these violations of the California Labor Code, DEFENDANT

11 inaccurately calculated the amount of overtime worked and the applicable overtime rates and

12 consequently underpaid the actual time worked by Plaintiff Reynosa and other members of the

13 CALIFORNIA LABOR SUB-CLASS. DEFENDANT acts in an illegal attempt to avoid the

14 payment of all earned wages, and other benefits in violation of the California Labor Code, the

15 Industrial Welfare Commission requirements and other applicable laws and regulations.

16     65.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

17 Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS did not

18 receive full compensation for all overtime worked.

19     66.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

20 from the overtime requirements of the law. None of these exemptions are applicable to Plaintiff

21 Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, Plaintiff

22 Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject

23 to a valid collective bargaining agreement that would preclude the causes of action contained

24 herein this Complaint. Rather, the Plaintiff Reynosa brings this Action on behalf of himself and

25 the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-

26 negotiable, non-waiveable rights provided by the State of California.

27     67.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, Plaintiff Reynosa and

28

1    the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked
2    that they are entitled to, constituting a failure to pay all earned wages.

3        68.    DEFENDANT failed to accurately pay Plaintiff Reynosa and the other members
4    of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they work which is
5    in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194
6    & 1198, even though Plaintiff Reynosa and the other members of the CALIFORNIA LABOR
7    SUB-CLASS are required to work, and do in fact work, overtime as to which DEFENDANT
8    failed to accurately record and pay using the applicable overtime rate as evidenced by
9    DEFENDANT's business records and witnessed by employees.

10       69.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned
11   compensation to Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-
12   CLASS for the true time they work, Plaintiff Reynosa and the other members of the
13   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
14   injury in amounts which are presently unknown to them and which will be ascertained
15   according to proof at trial.

16       70.    DEFENDANT knew or should have known that Plaintiff Reynosa and the other
17   members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime
18   worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,
19   to not pay employees for their labor as a matter of company policy, practice and procedure, and
20   DEFENDANT perpetrated this scheme by refusing to pay Plaintiff Reynosa and the other
21   members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

22       71.    In performing the acts and practices herein alleged in violation of California labor
23   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
24   all time worked and provide them with the requisite overtime compensation, DEFENDANT
25   acted and continues to act intentionally, oppressively, and maliciously toward Plaintiff Reynosa
26   and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and
27   utter disregard for their legal rights, or the consequences to them, and with the despicable intent

28

1  of depriving them of their property and legal rights, and otherwise causing them injury in order
2  to increase company profits at the expense of these employees.

3        72.    Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-
4  CLASS therefore request recovery of all unpaid wages, including overtime wages, according
5  to proof, interest, statutory costs, as well as the assessment of any statutory penalties against
6  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable
7  statutes. To the extent minimum and/or overtime compensation is determined to be owed to the
8  CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,
9  DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these
10 individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which
11 penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.
12 DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.
13 Further, Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members are
14 entitled to seek and recover statutory costs.

15

16                               **THIRD CAUSE OF ACTION**
17                          **For Failure To Pay Minimum Wages**
18               **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**
19          **(By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS**
20                   **and Against All Defendants)**

21       73.    Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR
22 SUB- CLASS, reallege and incorporate by this reference, as though fully set forth herein,
23 the prior paragraphs of this Complaint..

24       74.    Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-
25 CLASS bring a claim for DEFENDANT's willful and intentional violations of the
26 California Labor Code and the Industrial Welfare Commission requirements for
27 DEFENDANT's failure to accurately calculate and pay minimum wages to Plaintiff

28

CLASS ACTION COMPLAINT

1    Reynosa and CALIFORNIA CLASS Members.

2        75.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

3    public policy, an employer must timely pay its employees for all hours worked.

4        76.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by

5    the commission is the minimum wage to be paid to employees, and the payment of a less

6    wage than the minimum so fixed in unlawful.

7        77.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

8    wages, including minimum wage compensation and interest thereon, together with the costs

9    of suit.

10       78.    DEFENDANT maintained a wage practice of paying Plaintiff Reynosa and the

11   other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

12   amount of time they work, including time spent engaging in work tasks while off the clock.

13   To the extent that these off-the-clock job tasks do not qualify for overtime premium

14   payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in

15   violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1. As set forth herein,

16   DEFENDANT's policy and practice was to unlawfully and intentionally deny timely

17   payment of wages due to Plaintiff Reynosa and the other members of the CALIFORNIA

18   LABOR SUB-CLASS.

19       79.    DEFENDANT's unlawful wage and hour practices manifested, without

20   limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

21   implementing a policy and practice that denied accurate compensation to Plaintiff Reynosa

22   and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

23   wage pay.

24       80.    In committing these violations of the California Labor Code, DEFENDANT

25   inaccurately calculated the correct time worked and consequently underpaid the actual time

26   worked by Plaintiff Reynosa and other members of the CALIFORNIA LABOR SUB-

27   CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned

28

33

CLASS ACTION COMPLAINT

wages, and other benefits in violation of the California Labor Code, the Industrial Welfare

Commission requirements and other applicable laws and regulations.

81.    As a direct result of DEFENDANT's unlawful wage practices as alleged

herein, Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

CLASS did not receive the correct minimum wage compensation for their time worked for

DEFENDANT.

82.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

required, permitted or suffered Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS

Members to work without paying them for all the time they were under DEFENDANT's

control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, Plaintiff Reynosa and

the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time

worked that they were entitled to, constituting a failure to pay all earned wages.

83.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

compensation to Plaintiff Reynosa and the other members of the CALIFORNIA LABOR

SUB-CLASS for the true time they work, Plaintiff Reynosa and the other members of the

CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

economic injury in amounts which are presently unknown to them and which will be

ascertained according to proof at trial.

84.    DEFENDANT knew or should have known that Plaintiff Reynosa and the

other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for

their time worked. DEFENDANT  elected, either through intentional malfeasance or gross

nonfeasance, to not pay employees for their labor as a matter of company policy, practice

and procedure, and DEFENDANT perpetrated this scheme by refusing to pay Plaintiff

Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS the correct

minimum wages for their time worked.

85.    In performing the acts and practices herein alleged in violation of California

labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

1  CLASS for all time worked and provide them with the requisite compensation,

2  DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

3  toward Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

4  CLASS with a conscious of and utter disregard for their legal rights, or the consequences to

5  them, and with the despicable intent of depriving them of their property and legal rights, and

6  otherwise causing them injury in order to increase company profits at the expense of these

7  employees.

8       86.    Plaintiff Reynosa and the other members of the CALIFORNIA LABOR SUB-

9  CLASS therefore request recovery of all unpaid wages, according to proof, interest,

10  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

11  in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

12  extent minimum wage compensation is determined to be owed to the CALIFORNIA

13  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

14  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

15  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

16  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

17  conduct as alleged herein was willful, intentional and not in good faith.  Further, Plaintiff

18  Reynosa and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and

19  recover statutory costs.

20

21              **FOURTH CAUSE OF ACTION**

22          **For Failure to Provide Required Meal Periods**

23              **[Cal. Lab. Code §§ 226.7 & 512 ]**

24  **(By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All**

25                   **Defendants)**

26       87.    Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR

27  SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the

28                       35

1 | prior paragraphs of this Complaint.

2 |     88. During the CALIFORNIA CLASS PERIOD, from time to time,

3 | DEFENDANT failed to provide all the legally required off-duty meal breaks to Plaintiff

4 | Reynosa and the other CALIFORNIA LABOR SUB-CLASS Members as required by the

5 | applicable Wage Order and Labor Code. The nature of the work performed by Plaintiff

6 | Reynosa and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these

7 | employees from being relieved of all of their duties for the legally required off-duty meal

8 | periods. As a result of their rigorous work schedules and DEFENDANT's loss prevention

9 | inspection policy, Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS

10 | Members were from time to time not fully relieved of duty by DEFENDANT for their meal

11 | periods. Additionally, DEFENDANT's failure to provide Plaintiff Reynosa and the

12 | CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to

13 | their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to

14 | time. As a result, Plaintiff Reynosa and other members of the CALIFORNIA LABOR

15 | SUB-CLASS therefore forfeited meal breaks without additional compensation and in

16 | accordance with DEFENDANT's corporate policy and practice.

17 |     89. DEFENDANT further violated California Labor Code §§ 226.7 and the

18 | applicable IWC Wage Order by failing to compensate Plaintiff Reynosa and CALIFORNIA

19 | LABOR SUB-CLASS Members who were not provided a meal period, in accordance with

20 | the applicable Wage Order, one additional hour of compensation at each employee's regular

21 | rate of pay for each workday that a meal period was not provided.

22 |     90. As a proximate result of the aforementioned violations, Plaintiff Reynosa and

23 | CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

24 | to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

25 | suit.

26 | ///

27 | ///

28 |

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

91.    Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

92.    Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, Plaintiff Reynosa and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

93.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

94.    As a proximate result of the aforementioned violations, Plaintiff Reynosa and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

37

1    suit.

2                          **SIXTH CAUSE OF ACTION**

3                       **For Failure to Pay Wages When Due**

4                          **[Cal. Lab. Code §§ 201, 202, 203]**

5    **(By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All**

6                                  **Defendants)**

7           95.    Plaintiff Reynosa, and the other members of the CALIFORNIA LABOR

8    SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the

9    prior paragraphs of this Complaint.

10          96.    Cal. Lab. Code § 200 provides that:

11          As used in this article:

12          (a) "Wages" includes all amounts for labor performed by employees of every
            description, whether the amount is fixed or ascertained by the standard of
13          time, task, piece, Commission basis, or other method of calculation.

14          (b) "Labor" includes labor, work, or service whether rendered or performed
            under contract, subcontract, partnership, station plan, or other agreement if the
15          labor to be paid for is performed personally by the person demanding
            payment.
16
            97.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer
17
     discharges an employee, the wages earned and unpaid at the time of discharge are due and
18
     payable immediately."
19
            98.    Cal. Lab. Code § 202 provides, in relevant part, that:
20
            If an employee not having a written contract for a definite period quits his or
21          her employment, his or her wages shall become due and payable not later than
            72 hours thereafter, unless the employee has given 72 hours previous notice of
22          his or her intention to quit, in which case the employee is entitled to his or her
            wages at the time of quitting. Notwithstanding any other provision of law, an
23          employee who quits without providing a 72-hour notice shall be entitled to
            receive payment by mail if he or she so requests and designates a mailing
24          address. The date of the mailing shall constitute the date of payment for
            purposes of the requirement to provide payment within 72 hours of the notice
25          of quitting.

26          99.    There was no definite term in Plaintiff Reynosa's or any CALIFORNIA

27   LABOR SUB-CLASS Members' employment contract.

28                                        38
                              CLASS ACTION COMPLAINT

100.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

101.    The employment of Plaintiff Reynosa and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of wages, to these employees who missed meal and rest breaks, as required by law.

102.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, Plaintiff Reynosa demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## SEVENTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

103.    Plaintiff Reynosa and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

104.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

105.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

39

1  by failing to indemnify and reimburse Plaintiff Reynosa and the CALIFORNIA LABOR

2  SUB-CLASS members for required expenses incurred in the discharge of their job duties for

3  DEFENDANT's benefit.  DEFENDANT failed to reimburse Plaintiff Reynosa and the

4  CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

5  limited to, costs related to using their personal cellular phones all on behalf of and for the

6  benefit of DEFENDANT.  Specifically, Plaintiff Reynosa and other CALIFORNIA LABOR

7  SUB-CLASS Members were required by DEFENDANT to use their personal cell phones to

8  respond to work related issues.  DEFENDANT's policy, practice and procedure was to not

9  reimburse Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS members for

10  expenses resulting from using their personal cellular phones for DEFENDANT within the

11  course and scope of their employment for DEFENDANT.  These expenses were necessary

12  to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's

13  conduct to assert any waiver of this expectation.  Although these expenses were necessary

14  expenses incurred by Plaintiff Reynosa and the CALIFORNIA LABOR SUB-CLASS

15  members, DEFENDANT failed to indemnify and reimburse Plaintiff Reynosa and the

16  CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is

17  required to do under the laws and regulations of California.

18       106.    Plaintiff Reynosa therefore demands reimbursement for expenditures or losses

19  incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of

20  their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

21  with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

22

23                          **PRAYER FOR RELIEF**

24       WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and

severally, as follows:

25

26  1.    On behalf of the CALIFORNIA CLASS:

27       A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

28            CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

                                40

                          CLASS ACTION COMPLAINT

1      B)   An order temporarily, preliminarily and permanently enjoining and restraining

2           DEFENDANT from engaging in similar unlawful conduct as set forth herein;

3      C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly

4           withheld from compensation due to Plaintiff Reynosa and the other members

5           of the CALIFORNIA CLASS; and,

6      D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

7           fund for restitution of the sums incidental to DEFENDANT's violations due to

8           Plaintiff Reynosa and to the other members of the CALIFORNIA CLASS.

9  2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

10     A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth and Seventh

11          Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a

12          class action pursuant to Cal. Code of Civ. Proc. § 382;

13     B)   Compensatory damages, according to proof at trial, including compensatory

14          damages for minimum wages and overtime compensation due Plaintiff

15          Reynosa and the other members of the CALIFORNIA LABOR SUB-CLASS,

16          during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus

17          interest thereon at the statutory rate;

18     C)   Meal and rest period compensation pursuant to California Labor Code Section

19          226.7 and the applicable IWC Wage Order;

20     D)   For liquidated damages pursuant to California Labor Code Sections 1194.2

21          and 1197;

22     E)   The amount of the expenses Plaintiff Reynosa and each member of the

23          CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties,

24          plus interest, and costs of suit; and,

25     F)   The wages of all terminated employees from the CALIFORNIA LABOR

26          SUB-CLASS as a penalty from the due date thereof at the same rate until paid

27          or until an action therefore is commenced, in accordance with Cal. Lab. Code

28

41

CLASS ACTION COMPLAINT

1          § 203.

2    3.    On all claims:

3          A)    An award of interest, including prejudgment interest at the legal rate;

4          B)    Such other and further relief as the Court deems just and equitable; and,

5          C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

6                law, including, but not limited to, pursuant to Labor Code §1194, and/or

7                §2802.

8    Dated: January 25, 2021          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW
                                      LLP
9

10                                    By:

11                                         Norman B. Blumenthal
                                           Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           42

1

## **DEMAND FOR A JURY TRIAL**

2      PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4    Dated: January 25, 2021        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW
                                    LLP
5

6                                  By:

7                                      Norman B. Blumenthal
                                       Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          43

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2100213

**Case Name:**   REYNOSA vs HOME DEPOT U.S.A. INC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Judge Sunshine Sykes in Department 6  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 01/28/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by:

I. Siracusa, Deputy Clerk

CI-NODACV
(Rev. 10/01/19)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:** CVRI2100213

**Case Name:** REYNOSA vs HOME DEPOT U.S.A. INC

Norman B. Blumenthal
2255 CALLE CLARA
La Jolla, CA 92037

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 03/29/2021 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

 

Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/28/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by:

I. Siracusa, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Norman B. Blumenthal (Bar #68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037

TELEPHONE NO: 858-551-1223     FAX NO. (Optional): 858-551-1232
E-MAIL ADDRESS (Optional): norm@bamlawca.com
ATTORNEY FOR (Name): SALVADOR REYNOSA, JR.

FOR COURT USE ONLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 26 2021
L. SIRACUSA

PLAINTIFF/PETITIONER: SALVADOR REYNOSA, JR., et al.

DEFENDANT/RESPONDENT: HOME DEPOT U.S.A., INC.

CASE NUMBER: CVRI 2100213

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of:  91752      FAXED

☐ The action concerns real property located in the zip code of:  _____

☐ The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  01/25/2021

Norman B. Blumenthal
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▷                    (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 (Rev. 06/15/13)
(Reformatted 01/07/19)

CERTIFICATE OF COUNSEL

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localrules/localrules.shtml

# ALTERNATIVE DISPUTE RESOLUTION
# IN CIVIL CASES





**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
*INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

## Advantages of ADR:

- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**   Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.   Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.   (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement.   Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

## BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

## RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation).  See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015   Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ Banning - 135 N. Alessandro Road, Banning, CA 92220
☐ Hemet - 880 N. State Street, Hemet, CA 92543
☐ Indio - 46-200 Oasis Street, Indio, CA 92201
☐ Riverside - 4050 Main Street, Riverside, CA 92501
☐ Temecula - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S):<br><br>DEFENDANT(S): | CASE NUMBER: |
|---|---|
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>(CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration      ☐ Other (describe):_____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

| PRINT NAME OF PARTY OR ATTORNEY<br>☐ Plaintiff  ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
|---|---|---|
| PRINT NAME OF PARTY OR ATTORNEY<br>☐ Plaintiff  ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY<br>☐ Plaintiff  ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY<br>☐ Plaintiff  ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |

☐ Additional signature(s) attached

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1B (Rev. 1/1/12)

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
STIPULATION**

Page 3 of 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal    (Bar # 68687)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara<br>La Jolla, CA 92037 | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>JAN 26 2021<br><br>L. SIRACUSA |

TELEPHONE NO.: (858) 551-1223          FAX NO.: (858) 551-1232
ATTORNEY FOR *(Name):* Plaintiffs Salvador Reynosa, Jr., Natalie Heredia and Alberto Muniz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
SALVADOR REYNOSA, JR. et al. v. HOME DEPOT U.S.A., INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CVRI 2100213 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter     [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* SEVEN (7)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015)*

Date: January 25, 2021
Norman B. Blumenthal
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**
*LexisNexis® Automated California Judicial Council Forms*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Aparajit Bhowmik (CSB#248066); Christine T. LeVu (CSB #288271)
BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2255 Calle Clara, La Jolla, CA 92037

TELEPHONE NO.: (858) 551-1223          FAX NO. *(Optional):* (858) 551-1232
E-MAIL ADDRESS *(Optional):* christine@bamlawca.com
ATTORNEY FOR *(Name):* Plaintiffs SALVADOR REYNOSA, JR. et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF/PETITIONER:   Salvador Reynosa, JR. et al.
DEFENDANT/RESPONDENT:   Home Depot U.S.A., Inc.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE** (Amount demanded exceeds $25,000)   [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | CVRI2100213 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 29, 2021          Time: 8:30 a.m.          Dept.: 6          Div.:          Room:

Address of court *(if different from the address above):*

[x] **Notice of Intent to Appear by Telephone, by** *(name):* Christine T. LeVu

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff Reynosa
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 1/26/2021
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in   [x] complaint      [ ] cross-complaint      *(Describe, including causes of action):*
      Plaintiff has brought a Class Action for (1) UCL; (2) failure to pay overtime in violation of CLC 510 et seq.; (2) failure to pay minimum wages CLC 1194; CLC 1197, 1197.1; (4/5) failure to pay meal/rest periods in violation of CLC 226.7 & 512; (6) failure to pay reimbursements in violation of CLC 2802; (7) failure to pay wages when due in violation of CLC 201, 202 and 203

Page 1 of 5

CM-110

| PLAINTIFF/PETITIONER:   Salvador Reynosa, JR. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Home Depot U.S.A., Inc. | CVRI2100213 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff brings this wage and hour class action on behalf of non-exempt employees working for Defendant from January 26, 2017 to the date of final approval.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

a.  The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐ The trial has been set for *(date):*

b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒ days *(specify number):* 5-7

b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                    f.  Fax number:

e.  E-mail address:                       g.  Party represented:

☐ Additional representation is described in Attachment 8.

9.  **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   Salvador Reynosa, JR. et al. | CASE NUMBER:<br>CVRI2100213 |
| DEFENDANT/RESPONDENT:   Home Depot U.S.A., Inc. | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for  *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for  *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for  *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for  *(date)*:<br>[ ] Agreed to complete private arbitration by  *(date)*:<br>[ ] Private arbitration completed on  *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for  *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on  *(date)*: |

CM-110

| PLAINTIFF/PETITIONER:   Salvador Reynosa, JR. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Home Depot U.S.A., Inc. | CVRI2100213 |

11. **Insurance**

    a. ☐   Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐   Coverage issues will significantly affect resolution of this case   *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

    a. ☐   There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐   Additional cases are described in Attachment 13a.

    b. ☐   A motion to ☐ consolidate ☐ consolidate   will be filed by *(name party):*

14. **Bifurcation**

    ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

    ☐   The party or parties expect to file the following motions before trial   *(specify moving party, type of motion, and issues):*

16. **Discovery**

    a. ☐   The party or parties have completed all discovery.

    b. ☒   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | TBD |
| Plaintiff | PMK Deposition | TBD |
| Plaintiff | Production of Class Members' Contact Information | TBD |
| Plaintiff | Production of Class Members' Wage & Hour Records | TBD |

    c. ☒   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
Plaintiff requests class data in searchable format (e.g. MS excel).

**CM-110**

| PLAINTIFF/PETITIONER:   Salvador Reynosa, JR. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Home Depot U.S.A., Inc. | CVRI2100213 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 25, 2021

Christine T. LeVu
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                      **CASE MANAGEMENT STATEMENT**                      **Page 5 of 5**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

     I, Christine T. LeVu, am a citizen of the United States and a resident of the State of California. I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2255 Calle Clara, La Jolla, California 92037. On March 25, 2021, I served the document(s) described as:

    **1.**    **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

____    (BY ELECTRONIC SERVICE): I provided the documents referenced above electronically via electronic mail (e-mail) to counsel for Defendant at the following e-mail address(es):

_X_    (BY MAIL):  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California.  I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):

    **HOME DEPOT U.S.A., INC.**
    Corporation Service Company which will do business in California as CSC – Lawyers Incorporating Service
    2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

_X_    (State): I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on March 25, 2021 at San Diego, California.

                                                 _____
                                            Christine T. LeVu



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22912621**
**Date Processed: 03/17/2021**

| | |
|---|---|
| **Primary Contact:** | Quinessa Malcolm<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Electronic copy provided to:** | Adriane Towns<br>Cathy Copeland |

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number  2483807 |
| **Entity Served:** | Home Depot U.S.A., Inc. |
| **Title of Action:** | Reynosa, Jr., Salvador vs. Home Depot U.S.A., Inc. |
| **Matter Name/ID:** | Reynosa Jr., Salvador vs. Home Depot U.S.A., Inc. (11044206) |
| **Document(s) Type:** | Notice of Hearing |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | CVRI2100213 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/16/2021 |
| **Answer or Appearance Due:** | 03/29/2021 |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Christine T. LeVu<br>858-551-1223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Aparajit Bhowmik (CSB #248066); Christine T. LeVu (CSB #288271)<br>BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP<br>2255 Calle Clara, La Jolla, CA 92037 | |

TELEPHONE NO.: (858) 551-1223     FAX NO. *(Optional):* (858) 551-1232
E-MAIL ADDRESS *(Optional):* christine@bamlawca.com
ATTORNEY FOR *(Name):* Plaintiffs SALVADOR REYNOSA, JR. et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF/PETITIONER:   Salvador Reynosa, JR. et al.
DEFENDANT/RESPONDENT:   Home Depot U.S.A., Inc.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [x] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | CVRI2100213 |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date: March 29, 2021        Time: 8:30 a.m.      Dept.: 6        Div.:        Room:

Address of court *(if different from the address above):*

[x] **Notice of Intent to Appear by Telephone, by** *(name):* Christine T. LeVu

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*

   a. [x] This statement is submitted by party *(name):* Plaintiff George West

   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*

   a. The complaint was filed on *(date):* 1/26/2021

   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*

   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.

   b. [ ] The following parties named in the complaint or cross-complaint

       (1) [ ] have not been served *(specify names and explain why not):*

       (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

       (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**

   a. Type of case in  [x] complaint     [ ] cross-complaint     *(Describe, including causes of action):*
   Plaintiff has brought a Class Action for (1) UCL; (2) failure to pay overtime in violation of CLC 510 et seq.; (2) failure to pay minimum wages CLC 1194; CLC 1197, 1197.1; (4/5) failure to pay meal/rest periods in violation of CLC 226.7 & 512; (6) failure to pay reimbursements in violation of  CLC 2802; (7) failure to pay wages when due in violation of CLC 201, 202 and 203

Page 1 of 5

---

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Salvador Reynosa, JR. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Home Depot U.S.A., Inc. | CVRI2100213 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff brings this wage and hour class action on behalf of non-exempt employees working for Defendant from January 26, 2017 to the date of final approval.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

a.   The party or parties request ☒ a jury trial        ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial)*:

6.   **Trial date**

a.   ☐ The trial has been set for *(date)*:

b.   ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain)*:

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*:

a.   ☒ days *(specify number)*: 5-7

b.   ☐ hours (short causes) *(specify)*:

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:        f.   Fax number:

e.   E-mail address:          g.   Party represented:

☐ Additional representation is described in Attachment 8.

9.   **Preference**

☐ This case is entitled to preference *(specify code section)*:

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has   ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

CM-110

| PLAINTIFF/PETITIONER: Salvador Reynosa, JR. et al. | CASE NUMBER: CVRI2100213 |
|---|---|
| DEFENDANT/RESPONDENT: Home Depot U.S.A., Inc. | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: Salvador Reynosa, JR. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Home Depot U.S.A., Inc. | CVRI2100213 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ consolidate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | TBD |
| Plaintiff | PMK Deposition | TBD |
| Plaintiff | Production of Class Members' Contact Information | TBD |
| Plaintiff | Production of Class Members' Wage & Hour Records | TBD |

c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Plaintiff requests class data in searchable format (e.g. MS excel).

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  Salvador Reynosa, JR. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Home Depot U.S.A., Inc. | CVRI2100213 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 11, 2021

Christine T. LeVu
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 5 of 5

**PROOF OF SERVICE**

1

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2

     I, Christine T. LeVu, am a citizen of the United States and a resident of the State of

3

California. I am employed in the County of San Diego, State of California. I am over the age of 18

4

and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California

5

92037. On March 12, 2021, I served the document(s) described as:

6

7

  1.     **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

8

9

____   (BY ELECTRONIC SERVICE): I provided the documents referenced above electronically
via electronic mail (e-mail) to counsel for Defendant at the following e-mail address(es):

10

11

 X    (BY MAIL): I caused each such envelope, with postage thereon fully prepaid, to be placed
in the United States mail at San Diego, California.  I am readily familiar with this firm's
business practice for collection and processing of correspondence for mailing with the U.S.
Postal Service pursuant to which practice the correspondence will be deposited with the U.S.
Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a);
2015.5):

12

13

14

15

       **HOME DEPOT U.S.A., INC.**
Corporation Service Company which will do business in California as CSC –
Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

16

17

18

 X    (State): I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

19

Executed on March 12, 2021 at San Diego, California.

20

21

22

23

                    Christine T. LeVu

24

25

26

27

28

BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2255 Calle Clara
La Jolla, California 92037

SAN DIEGO CA 920

13 MAR 2021 PM

FIRST-CLASS

US POSTAGE

02 7H
0001308597      MAR 12 2021
MAILED FROM ZIP CODE 92037

$ 000.71⁰

**HOME DEPOT U.S.A., INC.**
Corporation Service Company which will do business in
California as CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

95833-350224

1    MORGAN, LEWIS & BOCKIUS LLP
     Barbara J. Miller (SBN 167223)
2    Alexander L. Grodan (SBN 261374)
     David J. Rashe (SBN 318400)
3    Mayra Negrete (SBN 333491)
     600 Anton Blvd., Suite 1800
4    Costa Mesa, CA 92626
     Tel: +1.714.830.0600
5    Fax: +1.714.830.0700
     barbara.miller@morganlewis.com
6    alexander.grodan@morganlewis.com
     david.rashe@morganlewis.com
7    mayra.negrete@morganlewis.com

8    Attorneys for Defendant
     HOME DEPOT U.S.A., INC.

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                        **COUNTY OF RIVERSIDE**

12

13   SALVADOR REYNOSA, JR., NATALIE          Case No. CVRI2100213
     HEREDIA AND ALBERTO MUNIZ,
     individuals, on behalf of themselves and on
14   behalf of all persons similarly situated,    **DEFENDANT'S PEREMPTORY**
                                                   **CHALLENGE TO JUDICIAL OFFICER**
15                        Plaintiffs,              **(CODE CIV. PROC. § 170.6);**
                                                   **DECLARATION OF BARBARA J.**
16            vs.                                  **MILLER**

17   HOME DEPOT U.S.A, INC., a Corporation;
     and DOES 1 through 50, Inclusive,
18                                                 Complaint Filed: January 26, 2021
                          Defendants.
19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW

**TO PLAINTIFF, ALL ATTORNEYS OF RECORD, AND TO THE COURT:**

Pursuant to Code of Civil Procedure § 170.6, Defendant HOME DEPOT U.S.A., INC. hereby moves to exercise a peremptory challenge to the Honorable Sunshine Sykes, Department 6, before whom this case is pending and has been assigned, on the grounds that counsel for Defendant believes in good faith that this judicial officer is prejudiced against Defendant and/or its attorneys, or the interests of Defendant and/or its attorneys, such that Defendant believes it cannot have a fair and impartial trial or hearing before this judicial officer.


 Dated: April 9, 2021                              MORGAN, LEWIS & BOCKIUS LLP


                                                   By   /s/ Barbara J. Miller
                                                      BARBARA J. MILLER
                                                      ALEXANDER L. GRODAN
                                                      DAVID J. RASHE
                                                      MAYRA NEGRETE
                                                      Attorneys for Defendant
                                                      HOME DEPOT U.S.A., INC.

**McCosco, Joyce Marie**

| | |
|---|---|
| **From:** | eSubmit - Riverside Superior Court <donotreply@riverside.courts.ca.gov> |
| **Sent:** | Friday, April 9, 2021 1:30 PM |
| **To:** | McCosco, Joyce Marie |
| **Subject:** | eSubmit 10694811 - Document Received |
| **Attachments:** | TEMP35081326.pdf |

[EXTERNAL EMAIL]



Hello,

The document you presented to the Riverside Superior Court for filing via eSubmit submission
10694811 needs to be reviewed by the judicial officer. The document has been received and se
to the department.

You will receive a conformed copy via email once the document has been processed.

If you have any questions or concerns, please contact us during normal business hours.
Click here for a list of Court phone numbers and hours of operation.

Thank You,
Riverside County Superior Court


**DO NOT REPLY**
*Please do not reply to this e-mail. Replies to this e-mail will not be responded to or read.*

**CONFIDENTIALITY NOTICE**
*This e-mail may contain information that is privileged, confidential, or otherwise exempt from
disclosure under applicable law. If you are not the addressee, or it appears from the context, t
you have received this e-mail in error, keep the contents confidential, and immediately delete
message and any attachments from your system.*